IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-03241-PAB-SKC

UNITED WATER AND SANITATION DISTRICT,

      Plaintiff,

v.

GEO-CON, INC.,

      Defendant.

---

## ORDER

---

This matter is before the Court on defendant Geo-Con, Inc's [Re-filed] Motion to Dismiss Complaint [Docket No. 79]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I.  BACKGROUND

This case arises out of the construction of a "slurry wall" for a water impoundment in Adams County, Colorado. A slurry wall is "a civil engineering technique used to build concrete walls in areas of soft earth close to open water, or with a high groundwater table." Docket No. 3 at 5, ¶ 7. Because slurry walls can act as a water barrier, they are used in the construction of water reservoirs. *Id*., ¶¶ 8-9. A slurry wall must be "key[ed]" or "tie[d]" into the bedrock in order to be an effective water barrier. *Id*., ¶ 8. Accordingly, a slurry wall that will be used as a water barrier must be designed and constructed deep enough to key into the bedrock. *Id*.

On or about December 11, 2002, Silver Peaks Metropolitan District No. 1, an entity that owned Brannan Pit #28 (the "pit") in Adams County, entered into a contract with defendant Geo-Con, Inc. to construct a slurry wall at the pit  *Id*., ¶ 9.  The purpose of the slurry wall was to create a water reservoir at the pit.  *Id*.  The slurry wall contract initially included certain specifications for how deep the slurry wall would need to be constructed to properly key into the pit's bedrock.  *Id*., ¶ 10.  During construction, the parties realized that a deeper slurry wall would be required.  *Id*. at 6, ¶ 11.  The parties executed change orders to the contract to add "extra key depth" to the slurry wall.  *Id*., ¶ 13.  "Sometime thereafter," Geo-Con "ostensibly" completed the slurry wall to contract specifications, including the deeper key depth.  *Id*. at 6, ¶ 14.

Silver Peaks subsequently assigned its interests in, among other things, the slurry wall project to plaintiff United Water and Sanitation District.  *Id*., ¶ 15.  In mid-2017, United Water discovered that the slurry wall was leaking.  *Id*., ¶ 16.  On or about November 1, 2017, United Water received an engineering report indicating that the slurry wall had been incompletely constructed.  *Id*., ¶ 18.  United Water's investigation revealed that the slurry wall was inadequately keyed into bedrock in certain places.  *Id*. at 7, ¶ 20.

On November 14, 2018, United Water filed this lawsuit against Geo-Con and Geo-Solutions, Inc. in the District Court for Adams County, Colorado.  Docket No. 3 at 10.  Geo-Solutions, Inc. subsequently removed the case to this Court.  Docket No. 1.[1] United Water alleges that Geo-Con failed to complete construction of the slurry wall as

---

[1] The parties subsequently dismissed all claims against Geo-Solutions with prejudice.  Docket No. 73, 80.

called for in the contract.  Docket No. 3 at 7, ¶ 20.  United Water further alleges that

Geo-Con's failure to key the slurry wall into bedrock means that the slurry wall project

"never reached substantial completion."  *Id*., ¶ 27.  United Water brings claims for relief

against Geo-Con for (1) breach of contract, (2) promissory estoppel, and (3) unjust

enrichment.  *Id*. at 8-10, ¶¶ 32-53.

On October 3, 2019, Geo-Con filed this motion to dismiss.  Docket No. 79.  Geo-

Con argues that United Water's claims are barred by Colorado's statute of repose.  *Id*.

at 12-13.  Geo-Con also argues that the promissory estoppel and unjust enrichment

claims fail because the subject matter of those claims is covered by the slurry wall

contract.  *Id*. at 13-15.  United Water filed a response, Docket No. 86, and Geo-Con

filed a reply.  Docket No. 88.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a complaint must allege enough factual matter that, taken as true, makes

the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671

F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged–but it has not shown–that the

pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal

quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A

plaintiff must nudge [his] claims across the line from conceivable to plausible in order to

survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's

allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted ).

## III. ANALYSIS

### A.   Statute of Repose

Geo-Con moves to dismiss all of United Water's claims as barred by the statute of repose in the Colorado Construction Defect Action Reform Act ("CDARA"), Colo. Rev. Stat. § 13-80-104(1)(a).  Docket No. 79 at 12-13.

"A statute of repose . . . puts an outer limit on the right to bring a civil action," which is measured "from the date of the last culpable act or omission of the defendant." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014).  In this way, statutes of repose differ from statutes of limitations, which are based on the date when the claim accrued.  *Id*. at 7.  "Statutes of repose effect a legislative judgment that a defendant should be free from liability after the legislatively determined period of time."  *Id*. at 9 (quotation omitted).

CDARA applies to "all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement

to real property." Colo. Rev. Stat. § 13-80-104(1)(a). CDARA contains both a statute of limitations and a statute of repose. The statute of limitations requires any action to be brought "within the time provided in [§ 13-80-102]" – generally speaking, two years – "after the claim for relief arises." *Id*. A claim "arises" when a claimant "discovers or in the exercise of reasonable diligence should have discovered the physical manifestations of a defect in the improvement which ultimately causes the injury." *Id*. § 13-80-104(1)(b)(I). This is paired with a statute of repose, which states that "in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property." *Id*. § 13-80-104(1)(a); *see, e.g.*, *Bush v. Roche Constructors, Inc.*, 817 P.2d 608, 610 (Colo. App. 1991) (describing this portion of CDARA as "the six-year statute of repose for actions against contractors"). If six years have passed from "substantial completion"[2] of an improvement to real property, any claim that "arises" after that date relating to that improvement is barred under the statute of repose.

"A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has

---

[2] The parties dispute what constitutes "substantial completion" under CDARA. United Water interprets this phrase to mean when "the contracted-for work is completed and finished." *See* Docket No. 86 at 9. This interpretation appears circular and would lead to results inconsistent with the purpose of the statute of repose. *See Chickasaw Nation v. United States*, 534 U.S. 84, 93 (2001) ("[E]very clause and word of a statute should, if possible, be given effect." (internal quotations omitted)); *Sierra Pacific Indus., Inc. v. Bradbury*, 409 P.3d 551, 556 (Colo. App. 2016), *overruled on other grounds by Goodman v. Heritage Builders, Inc.*, 390 P.3d 398 (2017) (noting that the legislative intent in enacting the statute of repose was "to relieve those involved in the construction business of the prospect of potentially indefinite liability for their acts or omissions"). However, because interpreting the phrase "substantial completion" is unnecessary to resolve Geo-Con's motion, the Court declines to do so.

been extinguished." *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks and alteration marks omitted).  The complaint alleges that Geo-Con and United Water's predecessor-in-interest, Silver Peaks, entered into the contract to build the slurry wall on December 11, 2002, about ten years before the statute of repose deadline.  *See* Docket No. 3 at 5, ¶ 9.  However, the complaint is vague about when Geo-Con stopped work on the slurry wall and when Silver Peaks and/or United Water was able to begin utilizing the pit as a water reservoir.  *See* Docket No. 3 at 6, ¶ 14 (alleging that Geo-Con "ostensibly completed" the slurry wall project "[s]ometime" after the contract, including change orders, was executed).  Thus, the dates given in the complaint do not "make clear" that the statute of repose extinguishes United Water's right to bring this case.  *See Sierra Club*, 816 F.3d at 671.

Geo-Con asks the Court to take judicial notice of certain facts, which it contends are proved by documents attached to the motion to dismiss.  *See* Docket No. 79 at 2-7. On a motion to dismiss, courts may consider "a document central to the plaintiff's claim and referred to in the complaint . . . where the document's authenticity is not in dispute." *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005). Courts may also consider "matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  These include "adjudicative facts," which are those facts "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b).  However, the Court has "broad discretion in

6

determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998).  And, when a court takes judicial notice of documents, it may do so only to "show their contents, not to prove the truth of the matters asserted therein."  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (judicial notice of publications may "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true").

The Court will exercise its discretion and decline to consider the exhibits offered by Geo-Con.  On a motion to dismiss, the Court could only consider Geo-Con's exhibits to prove the contents of those documents, not to prove the truth of the matters asserted in them.  But Geo-Con offers these exhibits to prove the truth of the matters asserted – that the slurry wall was completed and the water reservoir operational as of certain dates.  *See* Docket No. 79 at 13 (arguing that the statute of repose applies because the slurry wall project "was already finished by 2005" and "[w]ater was being diverted into the reservoir by no later than March 2008").  Without these exhibits, the adjudicative fact that would decide the statute of repose question – the date that United Water could begin to use the pit as a water reservoir – cannot been accurately and readily determined from sources whose accuracy cannot be reasonably questioned.  *See* Fed. R. Evid. 201(b).  Accordingly, the Court will deny Geo-Con's motion to dismiss as to the statute of repose.

## B.   Promissory Estoppel and Unjust Enrichment

Geo-Con also moves to dismiss United Water's claims for promissory estoppel and unjust enrichment.  Docket No. 79 at 13-14.  United Water indicates that these claims are pled in the event that the slurry wall contract is deemed invalid or otherwise unenforceable.  Docket No. 86 at 13-14.

To state a claim for promissory estoppel, a plaintiff must show "(1) a promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) action or forbearance induced by that promise; and (3) the existence of circumstances such that injustice can be avoided only by enforcement of the promise."  *Nelson v. Elway*, 908 P.2d 102, 110 (Colo. 1995); *see also* Restatement (Second) of Contracts § 90.  To state a claim for unjust enrichment, a plaintiff must show that "(1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying."  *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008).

The Federal Rules of Civil Procedure allow a party to include alternative or inconsistent claims in its complaint.  Fed. R. Civ. P. 8(d)(2) and (3); *see* 5 Arthur R. Miller et al., *Fed. Prac. & Proc.* § 1283 (3d ed. April 2020 update).  As a result, a party may plead a breach of contract claim and a promissory estoppel claim based on the same conduct or document in the alternative.  *Clark v. Green Tree Serv'g LLC*, 69 F. Supp. 3d 1203, 1222 (D. Colo. 2014).  Similarly, a party may plead breach of contract and unjust enrichment claims in the alternative.  *Gorsuch, Ltd. v. Wells Fargo Nat'l*

*Bank Assn.*, No. 11-cv-00970-PAB-MEH, 2013 WL 6925132, at *3 (D. Colo. Dec. 13, 2013) (collecting cases).  However, where an enforceable contract exists, a party cannot ultimately recover on a theory of promissory estoppel.  *Wheat Ridge Urban Renewal Auth. v. Cornerstone Grp. XXII, LLC*, 176 P.3d 737, 741 (Colo. 2007).  And, save for two exceptions not relevant to this discussion, a party cannot recover for unjust enrichment where an express contract covering the same subject matter exists. *Interbank Invs., LLC v. Eagle River Water and Sanitation Dist.*, 77 P.3d 814, 816 (Colo. App. 2003).

Geo-Con argues that these claims should be dismissed because (1) United Water does not affirmatively allege that the slurry wall contract is invalid and unenforceable and (2) the facts alleged in the complaint fail to state claims for promissory estoppel or unjust enrichment.  The Court disagrees.  First, United Water's complaint alleges that the slurry wall contract is "valid and enforceable."  Docket No. 3 at 8, ¶ 33.  Geo-Con has not filed an answer to that allegation; thus, at this stage, it is unclear whether the slurry wall contract is, in fact, valid and enforceable.[3]  In its reply brief, Geo-Con admits to the *existence* of the slurry wall contract, but denies that it breached the contract and does not admit that the contract is valid and enforceable. Docket No. 88 at 13.  Until it does, dismissal of these claims is not required.

---

[3] Geo-Con complains that it is an "inefficient process" to require it to file an answer and then a motion for judgment on the pleadings on these claims.  Docket No. 88 at 14.  But this process serves a purpose: once Geo-Con has admitted that the contract is valid and enforceable, then the other claims are (presumably) unnecessary. Until then, United Water has the right to pursue whatever claims may be available to it under the law.

Geo-Con interprets one district court decision as imposing a technical requirement that United Water affirmatively "alleg[e] that there was either no contract on point or the contract at issue was unenforceable."  *See CoMentis, Inc. v. Purdue Research Found.*, 765 F. Supp. 2d 1092, 1103 (N.D. Ind. 2011).  However, the Court is not persuaded that this rule is as bright-line as Geo-Con suggests.  Indeed, the same court has held that "the clincher" in *CoMentis* "was the fact that the parties were unquestionably bound by an enforceable express contract," and that dismissal of alternative claims is not warranted where "the existence of a valid express contract governing the parties' relationship is disputed."  *See Cintas Corp. v. Jupiter Aluminum Corp.*, 2020 WL 4584298, at *1-2 (N.D. Ind. Aug. 10, 2020).  Here, as in *Cintas*, it is not unquestionable at this stage that the slurry wall contract is valid and enforceable.  Thus, Rule 8(d) allows United Water to proceed with its alternative claims until it is clear that the slurry wall contract is valid and enforceable.  *See Slemmer v. McGlaughlin Spray Foam Insulation, Inc.*, 955 F. Supp. 2d 452, 460 (E.D. Penn. 2013) (denying motion to dismiss alternative unjust enrichment claim where the parties had not admitted that a "valid contract" existed between them).

Second, United Water's claims for promissory estoppel and unjust enrichment are both adequately pled.  As to promissory estoppel, United Water alleges that Geo-Con promised to construct the slurry wall to a certain depth, which caused United Water's predecessor-in-interest to pay Geo-Con for work that it didn't complete, and that the subsequent failure of the slurry wall requires the Court to enforce Geo-Con's promise.  Docket No. 3 at 9, ¶¶ 42-46.  As to unjust enrichment, United Water alleges

10

that Geo-Con received payment for completing the slurry wall without actually completing is, and that it would be unjust for Geo-Con to retain that payment when the incomplete construction caused United Water damages.  *Id*. at 9-10, ¶¶ 49-52.  These allegations state claims for promissory estoppel and unjust enrichment.  *See Nelson*, 908 P.2d at 110; *Robinson*, 179 P.3d at 1007.  Accordingly, the Court will deny Geo-Con's motion to dismiss as to these claims.

IV.   **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that defendant Geo-Con, Inc's [Re-filed] Motion to Dismiss Complaint [Docket No. 79] is **DENIED**.

DATED September 21, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge